UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SCOTT E. McINTIRE,

    Petitioner,

    v.

WARDEN,

    Respondent.

CAUSE NO.: 3:19-CV-172-JD-MGG

OPINION AND ORDER

Scott E. McIntire, a prisoner without a lawyer, filed a habeas corpus petition challenging the prison disciplinary decision (ISP 18-11-270) in which a Disciplinary Hearing Officer (DHO) found him guilty of inappropriate placement of body fluid and fecal waste in violation of Indiana Department of Correction Offense A-123. As a result, he was sanctioned with the loss of fifty days earned credit time and a demotion in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

McIntire's sole argument is that he is entitled to habeas relief because the sanction was excessive given the circumstances of the violation. He states that he was disciplined for urinating outside but that he only did so because he had no other option and that he was denied permission to use the two nearest bathrooms. However, an excessive sanction is not a valid basis for challenging a disciplinary sanction that is within the range of the offense for which the inmate was found guilty. *See United States*

*ex rel. Long v. Pate*, 418 F.2d 1028, 1031 (7th Cir. 1970) (federal habeas courts do not reconsider State sentencing determinations within the statutory range). With respect to Class A offenses, the maximum sanctions are six months for loss of earned credit time and a one class demotion for credit class demotion. Indiana Department of Correction, Disciplinary Code for Adult Offenders, Policy No. 02-04-101, available at https://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf. The sanctions imposed on McIntire were within this range. ECF 1-1 at 5. Therefore, McIntire's claim that his sanction was excessive is not a basis for habeas relief.

Because it is clear from the petition and attached exhibits that McIntire is not entitled to habeas relief, the petition is denied. If McIntire wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the petition pursuant to Section 2254 Habeas Corpus Rule 4;

(2) DIRECTS the clerk to enter judgment and to close this case; and

(3) DENIES Scott E. McIntire leave to proceed in forma pauperis on appeal.

SO ORDERED on March 25, 2019

                                                /s/ JON E. DEGUILIO
                                                JUDGE
                                                UNITED STATES DISTRICT COURT